BRYANT, J., dissents. I respectfully dissent from the rationale expressed and the judgment entered by the majority in reliance on authority of State v. Bush (May 25, 2001), Union App. No. 14-2000-44, unreported, first, because I believe the analysis set forth in Judge Shaw's dissent in the Bush case represents the better view.
In addition, I observe that there has been no direct appeal of the judgment by which appellant was sentenced and, indeed, the issue sought to be raised could not have been raised by direct appeal for the actions of the Adult Parole Authority had not occurred and were not predictable at the time of the sentencing proceedings. Thus, because there has been no direct appeal for error to be found in the record of the sentencing proceeding, it is likely the syllabus of State v. Reynolds (1997),79 Ohio St.3d 158, applicable to proceedings after appeal, does not apply to the facts of this case.
Further, regardless of the majority's characterization of "the crux" of appellant's arguments, the syllabus of Reynolds does not apply to text appellant's motion as a statutory proceeding under R.C. Section 2953.21
because appellant does not here claim constitutional error arising dehors the record of trial or sentencing, but rather complains of manifest injustice in execution of sentence in a context to which the plain language of Crim.R. 32.1 clearly applies.
Finally, I believe the rationale of State v. Bush, supra, does not apply to a non-constitutional challenge pursuant to Crim.R. 32.1 and if it is to be so applied, it forever shields from review and thus exacerbates the manifest injustice claimed by appellant.